702 P.2d 910

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Phillip MURINKO, Defendant-Appellant.**

**No. 15384.**

Court of Appeals of Idaho.

July 2, 1985.

John P. Luster, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman,

Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Following a jury trial, Phillip Murinko was convicted of burglary in the second degree, petit theft and forgery. These charges arose from an unlawful entry into a closed motor vehicle, the stealing of traveler's checks from the vehicle, and the subsequent forgery of one of the stolen checks. On appeal Murinko contends that the district court erred (1) by admitting into evidence a transcript of an incriminating statement made to the police after he was arrested, and (2) by ordering him during the trial to bare his arms while a witness testified about some tattoos. For reasons stated below, we affirm the judgment of conviction.

■ Murinko first contends that the state failed to comply with a discovery request for the incriminating statement under I.C.R. 16. A transcribed copy of the incriminating statement was provided but not the tape-recorded statement itself. A subsequent request was made for the tape recording. The state was unable to produce the tape due to its apparently inadvertent erasure by the police. No claim is made that the tape was intentionally destroyed.

We deem it clear that the state did not violate Rule 16 by failing to produce something no longer in existence. But this leads to the underlying question, whether the unavailability of the tape should have barred admitting the transcript into evidence. Murinko urges that the transcript should have been excluded because, without the tape, his attorney could not verify the accuracy of the transcript nor evaluate the voluntariness of the statement. However, Murinko himself could have identified any major discrepancies in the transcript and he could have informed the court of any circumstances rendering his statement involuntary. He did not do so. He made no motion under I.C.R. 12(b)(3) to suppress the transcript; neither did he make any offer of proof, outside the presence of the jury, when he objected to admitting the transcript in evidence. Consequently, the record before us is utterly inadequate to frame any issue concerning the accuracy of the transcript or the voluntariness of the statement.

■ We will not presume error on appeal. It is axiomatic that an appellant bears the burden of establishing a record, and presenting it on appeal, to substantiate his claims or contentions before the appellate court. *See, e.g., State v. Sima,* 98 Idaho 643, 570 P.2d 1333 (1977). Murinko has not made or presented a record to substantiate his contention that the transcript should have been excluded from evidence. We find no error in admitting it.

We now turn to the district judge's directive requiring Murinko to bare his arms during the trial. The state called as a witness a bartender who accepted a forged traveler's check from a female accomplice of Murinko. The witness testified that a man accompanied the woman in the bar when the check was presented and cashed. The witness described the man as having curly, blondish-brown hair of medium length, blue eyes and "tattoos on his arms." When asked whether the man was present in the courtroom, the witness replied, "He's right here." Upon being asked whether she was sure, the witness requested to see Murinko's arms. The court ordered Murinko to bare them. Tattoos were revealed. The witness then described in detail the tattoos she had observed when Murinko was in the bar.

■ Murinko concedes that the court's directive did not encroach upon his fifth amendment privilege against self-incrimination. *See, e.g., United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However, he contends that the order produced an unduly suggestive in-court identification by the witness, thus infringing upon his due process right to a fair trial. We disagree. The most important consideration in evaluating an in-court identification is its reliability. *State v. Hoisington,* 104 Idaho 153, 657 P.2d 17

(1983). Here, the requirement of reliability has been satisfied. Before Murinko was directed to bare his arms, the witness described the man she saw in the bar, mentioned the tattoos and identified him in the courtroom: "He's right here." The subsequent viewing of the tattoos simply confirmed and amplified the identification. We conclude that no error has been shown.

The judgment of conviction is affirmed.