803 P.2d 1009

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bobby Lynn BEASON, Defendant–Appellant.**

**No. 18180.**

Court of Appeals of Idaho.

Jan. 3, 1991.

Alan E. Trimming, Ada County Public Defender and Kris Kronberg, Deputy Public Defender, argued, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

SILAK, Judge.

This case involves the commutation of a prison sentence. Bobby Lynn Beason asked the district court to enforce a court order from December, 1978, imposing a one-year sentence for escape. He argued that a subsequent commutation of his escape sentence to run concurrently with his underlying sentence was not legal. The district court concluded that the Commission of Pardons and Parole (the "Commission") had authority to commute Beason's sentence. We affirm.

The facts of this case are convoluted, and the record is inadequate. Bobby Lynn Beason was convicted of homicide. He was confined in the Idaho State Penitentiary. In 1976, he escaped. After pleading guilty to escape, he was sentenced to five year's probation. In 1978, Beason filed a motion to forfeit probation. The district court granted Beason's motion, dismissed him from probation, and imposed a one-year sentence for the escape. In its decision and order dated December 8, 1978, the court stated, "That such second term of imprisonment [the one-year sentence for escape] shall, pursuant to I.C. § 18–2505 [1987],[1] commence at the time defendant

---

1. 18–2505. **Escape by one charged with or convicted of a felony.**—Every prisoner charged

Beason would otherwise be discharged on his homicide conviction; but if acceptable to, and deemed appropriate by the classification committee of the Idaho State Correctional Institution, it may be served on a work release."

The facts following Beason's removal from probation are not entirely clear. Beason has not provided us an adequate record on appeal; however, we will assume for the sake of deciding this case that the facts which he has stated to us in the briefs and in his motion are correct. Sometime between December, 1978, and April, 1981, the Commission commuted Beason's one-year escape sentence to run concurrently with his homicide sentence. We have not been presented with a record of the commutation proceeding. Evidently, Beason received a discharge certificate from the Idaho Department of Correction for serving one year on the escape sentence. In April of 1981, Beason was released on parole.

Beason eventually settled in Arizona. While there, he attempted theft from a bank night deposit box. Beason is now incarcerated in the Arizona state prison system. The Idaho Department of Correction has lodged a detainer against Beason for a parole violation. This detainer makes Beason a higher security risk so he is ineligible to participate in the vocational training program in Arizona. Because of this, his present legal proceedings are aimed at release from the jurisdiction of the Idaho Department of Correction.

In 1989, Beason filed a motion in the district court to enforce the court order of December 8, 1978. Beason contended that the Commission did not have the power to commute an escape sentence to run concurrently with, rather than consecutively to, the underlying sentence, because I.C. § 18–2505 requires a consecutive sentence for felony escape. He argued that when the Commission started his escape sentence, the underlying homicide sentence was effectively discharged. In June, 1989, the district court denied Beason's motion to enforce the court order of December 8, 1978. The district court concluded that the Commission has the power to grant commutations, and that there is no limitation on the Commission's commutation power relevant to this case. For the reasons stated below, we affirm the order of the district court.

■ Beason contends on appeal that because the sentence for escape must be consecutive, the Commission does not have the power to commute an escape sentence. Beason contends that by discharging him on the escape sentence, the Commission in effect discharged him on the underlying homicide sentence. Beason's arguments regarding the jurisdiction of the Commission are supported merely by unilateral assertions. He cites no authority and presents no legal arguments to support his position. *See* I.A.R. 35(a)(6).

Article IV, § 7 of the Idaho Constitution, as it existed at the time of the commutation decision, granted authority to the Commission to commute sentences and to grant pardons:

> [S]uch board as may hereafter be created or provided by legislative enactment shall constitute a board to be known as the board of pardons. Said board, or a majority thereof, shall have the power to remit fines and forfeitures and *to grant commutations and pardons after conviction and judgment, either absolutely or upon such conditions as they may impose in all cases of offenses against the state except treason or conviction on impeachment.*

Idaho Const. art. IV, § 7 (emphasis added).

■ The authority to commute a sentence imposed by the district court is vested in the Commission. *See Standlee v.*

---

with or convicted of a felony who is confined in any jail or prison including the state penitentiary, or who while outside the walls of such jail or prison in the proper custody of any officer or person, or while at work in any factory, farm or other place without the walls of such jail or prison, who escapes or attempts to escape from

such officer or person, or from such jail or prison, or from such factory, farm or other place without the walls of such jail or prison, shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall commence at the time he would otherwise have been discharged.

*State*, 96 Idaho 849, 852, 538 P.2d 778, 781 (1975); *State v. Kaiser*, 106 Idaho 501, 503, 681 P.2d 594, 596 (Ct.App.1984), *vacated on other grounds*, 108 Idaho 17, 696 P.2d 868 (1985). Beason's argument that the Commission's action in commuting his escape sentence to run concurrently with his underlying sentence violated I.C. § 18–2505 fails because the Idaho Constitutional provision which existed at the time of the Commission's action in this case did not place a limitation upon the Commission's commutation power through reference to statutory mandates.[2]

 The second issue Beason presents on appeal is the question of whether the Commission followed its own regulations in conducting the commutation proceeding. Beason alleges numerous procedural errors, including failure to obtain his acceptance of the commutation, failure to provide notice of the commutation proceeding, and the initiation of the commutation proceeding without a petition submitted by him. He argues that these alleged errors deprived him of his due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, § 13 of the Idaho Constitution.

Beason has provided no record on appeal of these alleged procedural defects. We will not presume error on appeal. It is axiomatic that an appellant bears the burden of establishing a record, and presenting it on appeal, to substantiate his claims or contentions before the appellate court. *State v. Murinko*, 108 Idaho 872, 911, 702 P.2d 910 (Ct.App.1985); *see, e.g., State v. Sima*, 98 Idaho 643, 570 P.2d 1333 (1977). Without any specific facts supported by the record, we are unable to determine whether the commutation proceeding was held in accordance with the Commission's administrative procedures.

---

2. Idaho Const. art. IV, § 7 was amended in 1986 by the addition of the underscored language below:

   Said board, or a majority thereof, shall have power to remit fines and forfeitures, and, *only as provided by statute,* to grant commutations

The order of the district court refusing to set aside the commutation of Beason's sentence for escape is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

and pardons after conviction of a judgment, either absolutely or upon such conditions as they may impose in all cases of offenses against the state except treason or conviction on impeachment.