## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42507

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 321** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 14, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSEPH MICHAEL WINEGAR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction for felony domestic violence in the presence of a child, felony attempted strangulation, and misdemeanor intentional destruction of a telecommunication device, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Joseph Michael Winegar appeals from his judgment of conviction for felony domestic violence in the presence of a child, felony attempted strangulation, and misdemeanor intentional destruction of a telecommunication device. Specifically, he asserts that the district court committed reversible error by allowing the State to introduce inadmissible evidence. For the reasons set forth below, we affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Winegar and the victim, Winegar's girlfriend, were involved in a domestic altercation in the presence of their two-year-old daughter. The State charged Winegar with domestic violence in the presence of a child, Idaho Code §§ 18-903(a), -918(2), -918(4); attempted strangulation,

1

I.C. § 18-923; and intentional destruction of a telecommunication line and/or telecommunication device, I.C. § 18-6810. A grand jury indicted Winegar on those charges. Before trial, the State filed an amended information, omitting the attempted strangulation charge. The case proceeded to a jury trial.

At trial, on direct examination, the prosecutor asked the victim about the day of the altercation.

PROSECUTOR: How were things going that day?
WITNESS: That day, not good.
PROSECUTOR: Were you arguing?
WITNESS: Very much so.
PROSECUTOR: What sort of things were you arguing about?
WITNESS: What he had did to me the night before.
PROSECUTOR: What had he done to you the night before?
DEFENSE: Your Honor, I would object. Can we approach?
COURT: You may.

Both parties then had a bench conference with the judge, off the record. When the conference ended, the prosecutor resumed, on the record.

PROSECUTOR: Your Honor, would you like me to ask the question again?
COURT: Yes, go ahead.
PROSECUTOR: Okay. And what had happened the night before?
WITNESS: He wanted to have sex and I didn't, and so it became very, very forceful.
PROSECUTOR: Okay. And the next day, were you upset about that?
WITNESS: I was liv[id].

The jury found Winegar guilty of both charges. Winegar timely appeals.

## II.

## ANALYSIS

Winegar argues that the district court improperly admitted testimonial evidence of an alleged prior sexual assault against the victim. Specifically, Winegar contends that the victim's testimony was inadmissible as irrelevant, unfairly prejudicial, and improper character evidence. Idaho Rules of Evidence 401, 402, 403, 404. The State argues that Winegar's claim that the district court erred is not preserved for appellate consideration. Because that issue is dispositive, we do not address Winegar's other arguments.

During the State's direct examination of the victim, Winegar objected to the State's question regarding what Winegar had done to the victim the night before. Winegar gave no grounds for his objection, but instead asked for permission to approach the bench. The record

does not indicate what transpired between the parties and the judge during this time. After the proceeding went back on the record, the State asked the victim the same question to which Winegar had previously objected. Based on the court's allowance of the question after the objection and bench conference, we can imply that the court overruled Winegar's objection. *See State v. Miller*, 157 Idaho 838, 841-42, 340 P.3d 1154, 1157-58 (Ct. App. 2014) (holding issue was preserved where judge's allowance of testimony after objection implied adverse ruling).

However, for an objection to be preserved for appellate review, either the specific ground for the objection must be stated or it must be apparent from the context. *State v. Almaraz*, 154 Idaho 584, 602, 301 P.3d 242, 260 (2013). The trial transcript reveals that Winegar did not specify any grounds for his objection, instead stating only, "Your Honor, I would object. Can we approach?" In his briefing on appeal, Winegar does not advance any evidence or argument as to what grounds (if any) he established for his objection during the bench conference. *See State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985) (holding that appellant must provide a sufficient record to substantiate claims on appeal). In the absence of such evidence, we will not presume the court erred. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

Moreover, Winegar neither argues nor provides any authority as to why the basis for the objection is apparent from the context.[1] *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding a party waives an issue on appeal if either authority or argument is lacking). We conclude that Winegar's unspecific objection was not sufficient to preserve his claim, and his lack of argument waives the issue for further consideration.

## III.
## CONCLUSION

Winegar's unspecific objection at the district court level did not preserve the issue for appellate review. Therefore, we affirm Winegar's judgment of conviction.

Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[1] Winegar did not file a reply brief in response to the State's brief, which argued that the issue was not preserved for appellate consideration.