**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44038**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 330** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 25, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TREVOR VON PAOLI,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge. Hon. Blaine P. Cannon, Magistrate.

Judgment of conviction for domestic battery and destruction of a telecommunications instrument, <u>affirmed</u>.

Clayne S. Zollinger, Jr., Burley, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Trevor Von Paoli appeals from the district court's intermediate appellate decision affirming his judgment of conviction for misdemeanor domestic battery, Idaho Code § 18-918(3)(b), and destruction of a telecommunications instrument, I.C. § 18-6810. We affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

After having moved out of the residence he shared with his girlfriend Dena Clemons ("Clemons"), Paoli returned to the residence to retrieve some of his belongings. A confrontation ensued in the alleyway behind the residence. Clemons initially exited her car and when she attempted to get back in, Paoli grabbed her arm and pulled her back out. Clemons and Paoli pushed and shoved each other. At one point, they were both on the ground in the alleyway, continuing to struggle. Paoli attempted to remove Clemons' cell phone from her hand. Clemons

1

testified that she bit Paoli on his hand and left a mark. Paoli left and Clemons called 911. A deputy from the Cassia County Sheriff's office was dispatched to the alleyway to speak with Clemons. The deputy recorded a video of his conversation with Clemons using a body camera.

A jury found Paoli guilty of domestic battery and destruction of a telecommunications instrument. Paoli filed a motion for a new trial. Thereafter, Paoli's defense counsel filed a motion to withdraw. The magistrate court subsequently granted the motion to withdraw; denied the motion for a new trial; and imposed consecutive 180-day sentences, with 175 days suspended; and placed Paoli on probation. Paoli filed an intermediate appeal to the district court which denied relief. Paoli timely appeals.

## II.

## ANALYSIS

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

### A.    Self-defense Instruction

Paoli argues that the trial court erred in failing to give the jury an instruction on self-defense because Clemons purportedly testified that she pushed Paoli first and that Paoli "was just trying to get away." The same argument was presented to the district court on intermediate appeal.

In affirming the magistrate's denial of the requested self-defense instruction, the district court stated that "contrary to Mr. Paoli's arguments on appeal, Ms. Clemons did not testify that she pushed Mr. Paoli first or that Mr. Paoli was just trying to get away." Rather, "Ms. Clemons testified that the altercation with Mr. Paoli involved yelling, pushing, and shoving on both sides,"

and "that Mr. Paoli kicked her without contacting her completely, pulled her from her car as she was attempting to get into it, and attempted to take her cell phone away from her." The district court also quoted specific testimony from Clemons in which she testified: "Shoving. I pushed him. He pushed me back and forth. There was yelling, name calling." The district court also quoted Clemons' testimony on cross-examination that she did not remember if she hit or touched Paoli first. The district court noted the magistrate's finding that "although both Ms. Clemons and Mr. Paoli pushed and shoved each other, there was no evidence that Ms. Clemons hit Mr. Paoli first." The district court further cited the magistrate's finding that "Mr. Paoli was more aggressive than Ms. Clemons," relying on "Ms. Clemons' testimony regarding Mr. Paoli pulling her out of her car when she attempted to get back into it." After reviewing the testimony and the magistrate's ruling, the district court affirmed the magistrate's decision denying Paoli's request for a self-defense instruction.

Paoli does not articulate any basis for concluding the district court erred, but rather frames his issues on appeal and his ensuing argument as trial court error. As noted above, the appellate courts do not review the decision of the magistrate and are procedurally bound to affirm or reverse the decision of the district court. *Trusdall*, 155 Idaho at 968, 318 P.3d at 958. Further, Paoli failed to include the trial transcript as part of the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Paoli has failed to demonstrate error in the district court's intermediate appellate decision affirming the magistrate's denial of a self-defense instruction. Therefore, we affirm the district court on its uncontested holding that the trial court did not err in refusing to instruct the jury as to self-defense.[1]

---

[1] Based on the record as it exists on appeal, Paoli's claim is also meritless. Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). The record before us is void of any evidence that Clemons was the aggressor in this attack. Beyond apparently mispresenting Clemons' trial testimony, as cited to in the district court's opinion, Paoli has failed to point to any evidence to show otherwise.

**B.     Evidentiary Rulings**

Paoli argues that the magistrate court erred in admitting into evidence the body camera recording of the deputy's conversation with Clemons and the audio recording of Clemons' 911 call, as those contained hearsay statements made by Clemons.[2]  Paoli argues that Clemons' statements on the audio recordings do not constitute excited utterances and therefore do not fall under that delineated exception to the hearsay rule.[3]  He contends that because the statements were made after the altercation was over, Clemons was no longer under "stress of excitement" as required by Idaho Rule of Evidence 803(2).  With respect to the audio recording of the 911 call, Paoli also argues that the trial court erred in admitting the audio as a present sense impression, which is outlined in I.R.E. 803(1).  However, Paoli goes on to cite to I.R.E. 803(3), which addresses the "[t]hen existing mental, emotional, or physical condition" exception to the hearsay rule, and frames his argument pursuant to that rule.  The same arguments were made to the district court on intermediate appeal.

The district court noted in its opinion that the magistrate admitted the body camera video recording of the conversation between the deputy and Clemons under the excited utterance exception.  In affirming the magistrate's ruling, the district court determined that the magistrate reviewed the totality of the circumstances surrounding the conversation and applied the appropriate standards.  Those circumstances included the magistrate's finding that the altercation between Clemons and Paoli "was the kind of event that would cause someone to be emotional and upset for at least a period of time," that Clemons' statements in the video recording occurred very shortly after the altercation, and Clemons was still under the stress of excitement caused by that event.  The district court determined that Paoli failed to show that the magistrate abused its discretion and that the magistrate did not err in admitting the video recording into evidence.

---

[2]     Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Idaho Rule of Evidence 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court.  I.R.E. 802.

[3]     Idaho Rule of Evidence 803(2) defines an excited utterance as:  "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

4

With respect to the recording of the 911 call, the district court noted in its opinion that the magistrate admitted evidence under both the excited utterance and the present sense impression exceptions. The district court determined that the magistrate appropriately reviewed the evidence within the boundaries of its discretion and consistently with legal standards applicable to the excited utterances exception because it admitted the recording of Clemons' 911 call into evidence for the same reasons and under the same standards that justified the admission of the body camera video. The district court referenced the magistrate court's observation that Clemons made the 911 call immediately after her altercation with Paoli, and the tone of her voice on the audio recording showed that she was still under the stress of excitement caused by the altercation. The district court further noted that Paoli's argument under I.R.E. 803(3)[4] would not be addressed since the magistrate did not conclude that Clemons' statements were admissible under that exception.

As with the self-defense jury instruction issue, Paoli does not articulate any basis for concluding the district court erred, but rather frames his issues on appeal and his ensuing argument as trial court error. As noted above, the appellate courts do not review the decision of the magistrate and are procedurally bound to affirm or reverse the decision of the district court. *Trusdall*, 155 Idaho at 968, 318 P.3d at 958. Again, Paoli failed to include the trial transcript as part of the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Murinko*, 108 Idaho at 873, 702 P.2d at 911. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Beason*, 119 Idaho at 105, 803 P.2d at 1011. Paoli has failed to demonstrate error in the district court's intermediate appellate decision affirming the magistrate's admitting into evidence the video recording of a deputy's conversation with Clemons and the audio recording of

---

[4]     I.R.E. 803(3) identifies the following exception to the hearsay rule:
        Then existing mental, emotional, or physical condition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Clemons' 911 call. Therefore, we affirm the district court on its uncontested holding that the trial court did not err in admitting the recordings into evidence.[5]

## C. Ineffective Assistance of Counsel

Paoli also argues that he received ineffective assistance of counsel and that counsel's performance at trial prejudiced Paoli. Paoli asserts that his trial counsel was ineffective because he failed to obtain color copies of photographs which potentially could have been used as trial exhibits and failed to inquire as to whether there was a better copy of the 911 call recording. Further, Paoli asserts that trial counsel demonstrated inexperience and negatively influenced the jury when, during closing argument, he inadvertently referenced Jesus and then apologized. The district court correctly declined to consider Paoli's ineffective assistance of counsel claim on appeal. Ordinarily we do not address claims of ineffective assistance of counsel on direct appeal because the record is rarely adequate for review of such claims. *State v. Pentico*, 151 Idaho 906, 913, 265 P.3d 519, 526 (Ct. App. 2011), *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004); *State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003). They are more appropriately presented through post-conviction relief proceedings where an evidentiary record can be developed. *State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App.

---

[5] Based on the record as it exists on appeal, Paoli's claim is also meritless. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.* There are two requirements that must be satisfied in order for the excited utterance exception to apply: "(1) an occurrence or event sufficiently startling to render inoperative the normal reflective thought process of an observer; and (2) the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought." *State v. Field*, 144 Idaho 559, 568, 165 P.3d 273, 282 (2007) (citations omitted). In deciding whether a statement satisfies this exception, the Court considers the totality of the circumstances including "the amount of time that elapsed between the startling event and the statement, the nature of the condition or event, the age and condition of declarant, the presence or absence of self-interest, and whether the statement was volunteered or made in response to a question." *Id*.

The record before us shows that the magistrate court considered the totality of the circumstances in issuing its evidentiary rulings and reasonably concluded that the requirements of I.R.E. 803(2) were met. The district court noted the adequate reasoning used by the magistrate and concluded that the magistrate did not abuse its discretion. The information gleaned from the recording itself supports the district court's conclusion that the magistrate did not err in admitting the exhibit. Paoli has failed to identify any error in the district court's decision affirming the magistrate's evidentiary rulings.

1993).  The district court did not err in determining that it would not address Paoli's ineffective assistance of counsel claims on direct appeal.

## III.

## CONCLUSION

Paoli does not contest the district court's holdings that the magistrate did not err in declining to give a jury instruction on self-defense or in admitting into evidence the video recording of a deputy's conversation with Clemons and the audio recording of Clemons' 911 call.  Nor does Paoli contest the district court's decision not to address Paoli's ineffective assistance of counsel claims.  We affirm the district court's opinion on intermediate appeal, affirming Paoli's judgment of conviction for misdemeanor domestic battery and intentional destruction of a telecommunications instrument.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.