**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45495**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed:  December 3, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TYLER WILLIAM BRADSHAW, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Order revoking probation and directing execution of previously suspended sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Tyler William Bradshaw was found guilty of attempted strangulation.  I.C. § 18-923. The district court sentenced Bradshaw to a unified term of eight years, with a minimum period of confinement of three years, but after a period of retained jurisdiction, suspended the sentence and placed Bradshaw on probation.  The district court subsequently revoked Bradshaw's probation after finding Bradshaw violated several terms of his probation.  Upon revoking probation, the district court ordered execution of Bradshaw's original sentence.  In doing so, the district court stated:  "So I am going to revoke probation, impose your sentence.  There was [an I.C.R.] 35 filed previously that's been denied.  So I will not adjust the three years fixed or the five determinate that will be imposed."

1

Sentencing is a matter for the trial court's discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ___, 429 P.3d 149, 158 (2018).

On appeal, Bradshaw does not challenge the district court's decision to revoke probation, but argues that the district court abused its discretion "by failing to recognize that it must decide the appropriate sentence, or that it had authority to *sua sponte* reduce his original sentence, notwithstanding the previous Rule 35 motion." Stated another way, Bradshaw argues that the district court "would not reduce the terms of the original sentence *because* there had been a previously-filed Rule 35 motion" or, alternatively, it "misunderstood its obligation to determine the *appropriate* sentence to be ordered in revoking probation." The State argues that the district court lacked jurisdiction to reduce Bradshaw's sentence upon revoking probation in light of his prior Rule 35 motion, which the district court denied. Alternatively, the State argues that the district court's comments at sentencing are consistent with an understanding that it had discretion to reduce Bradshaw's sentence, but declined to do so.

Idaho Criminal Rule 35(b) provides:

> Within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction, a motion may be filed to correct or reduce a sentence and the court may correct or reduce the sentence. The court may also reduce a sentence on revocation of probation or on motion made within 14 days after the filing of the order revoking probation. Motions are considered and determined by the court without additional testimony and without oral argument, unless otherwise ordered. A defendant may only file one motion seeking a reduction of sentence.

This appeal does not arise from the denial of a Rule 35 motion filed by Bradshaw. Thus, the rule's prohibition on multiple motions is not at issue. Further, we reject the State's assertion that Bradshaw's prior Rule 35 motion precluded the district court from sua sponte reducing Bradshaw's sentence upon revoking his probation. The plain language of the rule allows the court to "reduce a sentence on revocation of probation," and that authority is not modified by the language in the rule limiting a defendant to one Rule 35 motion. Thus, the only question is

whether Bradshaw has met his burden of showing the district court failed to recognize it had discretion to sua sponte reduce his sentence.[1] We hold that Bradshaw has failed to show an abuse of discretion.

It is not apparent from the record that the district court failed to perceive that it had discretion to reduce Bradshaw's sentence upon revoking probation. While the district court noted Bradshaw's prior Rule 35 motion as part of its decision, it did so in conjunction with noting that the motion was denied, indicating it had already considered whether Bradshaw was entitled to a lesser sentence. The district court never stated a belief that it lacked authority to reconsider Bradshaw's sentence again upon revoking probation. Further, the district court's comments can be interpreted to mean that it did consider whether to reduce Bradshaw's sentence at the time of revocation, but declined to do so. If Bradshaw believed the district court misperceived its sentencing discretion at the revocation hearing, he could have clarified the record at that time, but failed to do so. Absent evidence in the record that the district court did not, in fact, understand the bounds of its discretion, we decline to find an abuse of discretion. *Cf. State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985) (noting that the appellate court will not presume error and that it's the appellant's burden of establishing a record to substantiate his claims). Therefore, the order revoking probation and directing execution of Bradshaw's previously suspended sentence is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[1] Bradshaw does not argue the merits of whether he was entitled to a sua sponte reduction of his sentence.