**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49053**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 24, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KORBIN MICHAEL CARTER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for third degree arson, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Korbin Michael Carter appeals from his judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for third degree arson. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Carter lobbed a Molotov cocktail at his ex-girlfriend's car, but it bounced off the car's windshield and landed in the bed of a nearby pickup. Carter then lit and launched a second Molotov cocktail, only to obtain the same result--it too rebounded into the pickup bed. The ensuing fire destroyed the pickup and scorched both the ex-girlfriend's car and a neighboring vehicle. Pursuant to a plea agreement, Carter pled guilty to third degree arson. I.C. § 18-804. In exchange, the State agreed to dismiss a first degree stalking charge.

1

At the sentencing hearing, Carter noted that several attachments to the presentence investigation report (PSI) concerned an unrelated third party and requested that the district court remove these attachments. These attachments did not contain information about Carter. When asked by the district court, the State agreed that the "extra documents were unrelated to" Carter's case. The district court remarked, "Okay," and invited Carter to continue argument. After hearing the parties' sentencing recommendations, the district court sentenced Carter to a unified term of ten years, with a minimum period of confinement of three years. Carter appeals.

## II.

## STANDARD OF REVIEW

The decision whether to strike information from a PSI is reviewed for an abuse of discretion. *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010). Sentencing decisions are also reviewed for an abuse of discretion. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Carter argues that the district court erred by failing to remove the PSI attachments concerning an unrelated third party.[1] Carter also argues that his sentence is excessive. The State concedes that "this Court should remand the case to ensure that the documents pertaining to [the third party] are removed" but asserts that Carter has failed to show that his sentence constitutes an abuse of discretion. We conclude that, despite the State's concession, Carter has failed to provide an adequate record to show error in relation to the PSI attachments or the sentence imposed.

---

[1] We note that, although Carter phrases the issue as whether the district court erred "by failing to redline the PSI," his redlining request regarded attachments to the PSI, not the PSI itself.

**A.     Attachments to the PSI**

Carter asserts that the attachments to the PSI are unreliable because they concern an unrelated third party and, as a result, should be removed. The State concedes that this case should be remanded pursuant to *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020). This concession, however, does not relieve Carter of his burden to establish error. *See State v. Stevens*, 93 Idaho 48, 54, 454 P.2d 945, 951 (1969). Consequently, we will address Carter's arguments and *Golden*'s application to this case.

Trial courts have the discretion to consider information in a PSI believed to be reliable that would otherwise be inadmissible at trial so long as the defendant receives an opportunity to present favorable evidence and explain or rebut the adverse information. *Molen*, 148 Idaho at 961, 231 P.3d at 1058. Two distinct obligations limit this discretion. Not only must a trial court reject inaccurate, unfounded or unreliable information contained in a PSI, such information must also be "redlined" from the document. *Golden*, 167 Idaho at 511, 473 P.3d at 379. The trial court must then forward a copy of the redlined PSI to the Idaho Department of Correction. *Id.*

Near the end of Carter's sentencing argument, the following exchange occurred:

| | |
|---|---|
| [Defense counsel]: | Thank you, Your Honor. And I'll say in terms of corrections, it does appear in this presentence report that they include a lot of materials related to a fellow named Brandon Casey. We just ask the Court to remove those supplemental documents from his PSI, at least the copy that we received did. |
| [District court]: | Okay. [State], did you have any other corrections to the PSI? |
| [State]: | No. Thank you. |
| [District court]: | Did you agree that those extra documents were unrelated to this matter? |
| [State]: | Yes, sir. |
| [District court]: | Okay. Mr. Carter, do you--go ahead, [counsel for Carter]. |

After the foregoing exchange, defense counsel addressed restitution. The attachments to the PSI in the appellate record do not reflect that the district court removed the attachments in accordance with Carter's request. The absence of such a modification is unsurprising, however, as the file stamp on the version of Carter's PSI included in the record on appeal indicates that the document and the associated attachments were filed *prior* to the sentencing hearing. For the following reasons we decline to remand this case as Carter requests.

While we noted in *Golden* that the PSI in the appellate record did not reflect changes obviously ordered by the court, it is the burden of the defendant to ensure the sentencing court has appropriately documented the ordered changes because it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *See State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). For purposes of appeal, it is insufficient to point to the PSI that was created prior to sentencing as evidence that the unrelated attachments were not removed from the PSI. *State v. Granger*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Ct. App. 2022). Instead, Carter must include the PSI that was distributed to the Department of Correction, along with any judicial order regarding those corrections, to provide an adequate record in support of his claim. *See id.* Because a copy of the PSI and associated attachments actually distributed to the Department of Correction is absent from the record on appeal, Carter has failed to provide an adequate record to review his redlining arguments.

## B. Sentence Review

Carter argues that his sentence of a unified term of ten years, with a minimum period of confinement of three years, is excessive. Specifically, Carter contends the district court failed to exercise reason in light of his "substance abuse issues, mental health issues, and acceptance of responsibility for his actions." The State responds that the facts of this case and the impact on the victim, plus Carter's "extensive criminal history," including six prior felonies and "at least [twenty] prior misdemeanor convictions," support the district court's sentencing decision. We hold that Carter has failed to show that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150,

4

154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

Carter has failed to show that the district court abused its discretion by failing to remove the attachments to his PSI or by imposing an excessive sentence.  Accordingly, Carter's judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for third degree arson is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.