**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49656**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 14, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LORI MARR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Kira Dale, Magistrate.

Denial of motion to reconsider, affirmed.

Lori Marr, Nampa, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Lori Marr appeals from the district court's order affirming the magistrate court's denial of her motion to reconsider. We will not presume error with an inadequate record nor search the record for error; as such, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Marr was arrested and cited for battery on certain personnel and resisting arrest. Marr bonded out of jail the same day and signed a notice of court date and bond receipt, which notified her to appear before the court clerk between May 21, 2021, and May 28, 2021. On May 20, 2021, Marr filed a special appearance, pursuant to Idaho Rule of Civil Procedure 4.1, "to contest personal jurisdiction, including sufficiency of process, and/or sufficiency of service of process." A pretrial conference was scheduled for June 2021. Marr never appeared in person between May 21, 2021,

1

and May 28, 2021. The clerk's office vacated her appearance requirement after the receipt of her special appearance.

Marr requested a continuance of the June court date, which the magistrate court granted. Marr then filed a motion to dismiss for lack of personal jurisdiction. In July, the magistrate court arraigned Marr and notified her of her rights. Subsequently, the magistrate court heard argument on Marr's motion to dismiss. The magistrate court denied Marr's motion to dismiss. In the magistrate court's written order of denial, it stated, "On May 24, 2021, Ms. Marr appeared at the courthouse, consistent with the Notice of Court Date and Bond Receipt, and received a court date from the Court Clerk."

In August, the clerk's office filed a letter stating that Marr's special appearance "was erroneously placed in the Letter of Appearance queue, causing a clerk to process the document incorrectly and ultimately caused the Bond Out appearance to be vacated and a hearing set without the presence of the defendant." Marr filed a motion for reconsideration/dismissal for Idaho Misdemeanor Criminal Rule 5 violation, due process rights violations, and lack of personal jurisdiction. The magistrate court orally denied the motion at a second pretrial conference in September 2021.

Marr requested permission to file an interlocutory appeal. The magistrate court granted the appeal, and the district court granted interlocutory appeal on the questions of jurisdiction and due process. The district court affirmed the magistrate court's denial of Marr's motion for reconsideration. Marr timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

2

## ANALYSIS

Marr argues the magistrate court does not have personal jurisdiction over her due to her asserted untimely arraignment. Furthermore, Marr contends the untimely arraignment denied her due process. The State argues this Court should decline to consider the merits of Marr's appeal due to her failure to comply with the Idaho Appellate Rules in her briefing and, alternatively, that her claims lack merit.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). In Marr's case, the magistrate court denied her motion to reconsider on the record. Marr has failed to provide this Court with the transcript. Although we affirm or reverse the district court on intermediary appeal, our analysis requires our review of the magistrate court's findings and conclusions. Without the transcript, we are unable to review the magistrate court's reasoning. As a result, we will not presume error with an inadequate record.

Moreover, Marr failed to cite to the record in her opening appellate brief. Idaho Appellate Rule 35(a)(6) required Marr to support her argument with "citations to . . . the transcripts and record relied upon." An appellate court will not search the record on appeal for error. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "Consequently, to the extent an assignment of error is not argued and supported in compliance with the [Idaho Appellate Rules], it is deemed to be waived." *Id. See also Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 180, 395 P.3d 393, 399 (2017) (holding that because party did not support claim with any citations to the record supporting it, Court would not consider it). Marr's opening brief on appeal does not include a single citation to the record or any transcript.[1]

"It is well established that pro se litigants are held to the same standards and rules as those represented by an attorney." *State v. Davis*, 165 Idaho 709, 713, 451 P.3d 422, 426 (2019). Due

---

[1] In addition, Idaho Appellate Rule 35(a)(3) requires an appellant to identify the applicable standard of review for the claims raised. Marr included a section entitled standard of review in the brief. However, that section does not actually contain a statement of the standard of review. Instead, it contains a recitation of legal principles.

to the procedural inadequacies, we decline to address Marr's issues on the merits and affirm the district court.

## IV.
## CONCLUSION

This Court will not presume error with an inadequate record and lack of citation to the record. Accordingly, we affirm the district court's order to affirm the magistrate court.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.