**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50519**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 18, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| XAM B. GORRINGE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Joel D. Horton, District Judge. Hon. Kerry Michaelson, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Xam B. Gorringe appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for driving under the influence (DUI). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer heard squealing tires in his vicinity as he was assisting another officer in a traffic stop. Moments later, the officer again heard squealing tires and observed a vehicle driving erratically. The officer pursued the vehicle and observed it cross both the centerline and the fog line. Upon initiating a traffic stop, the officer identified Gorringe as the driver, detected an odor of alcohol coming from the vehicle, and noticed that Gorringe's eyes were glassy and bloodshot.

1

Gorringe also admitted to drinking one beer that evening. The officer called another officer to conduct field sobriety tests. As Gorringe exited his vehicle to participate in the field sobriety tests, the officer conducting the tests noticed a firearm in the vehicle's door. When asked if Gorringe had any additional weapons, he pulled up his shirt and revealed a firearm. Gorringe failed the field sobriety tests, and a subsequent breath test indicated his breath alcohol concentration was 0.160 and 0.166. Gorringe was cited for DUI and carrying a concealed weapon while under the influence.

Gorringe filed a motion to suppress the evidence obtained as result of the traffic stop. The magistrate court held a hearing on the motion where both officers testified regarding their reports and submitted evidence, including their video recordings of the incident. The officer who conducted the initial stop testified that he believed his dashboard camera was on at the time of the stop but that he was ultimately unable to locate any recording. Similarly, the officer who conducted the field sobriety tests indicated he was unable to locate any video recordings of the incident.[1] Gorringe also testified at the hearing and disputed both officers' version of events. The State argued there was reasonable suspicion justifying the traffic stop and discussed the efforts made to find the video recordings Gorringe had requested. Gorringe focused on the absence of video evidence and highlighted his testimony contradicting the officers' versions of events. Gorringe then made an oral motion to dismiss pursuant to the "duty to preserve under [I.C.R.] 16 and *Maryland v. Brady*," 373 U.S. 83 (1963).

The magistrate court declined to entertain Gorringe's motion to dismiss and focused its analysis on the motion to suppress. Specifically, the magistrate court determined the officer had reasonable suspicion to conduct the traffic stop. According to the magistrate court, the issue regarding the absence of video recordings of the incident was not relevant to making the appropriate credibility determinations. The magistrate court found the testimony of the officer who initiated the stop more credible than Gorringe's testimony. In making its determination, the

---

[1] The officer testified that any video recording of the stop would have been uploaded to law enforcement's records database system. The officer also stated that any recording would have been stored for a period of time unknown to him before being deleted. When the State requested the officer produce any media related to Gorringe's arrest, the officer indicated he was unable to locate any video and did not know whether the media retention period had expired.

magistrate court stressed Gorringe's level of intoxication and stated it was "going to err on the side of believing the testimony of the person who was sober that night and not impaired by alcohol." The magistrate court concluded by inviting Gorringe to file a motion related to the absence of the officers' video recordings.

Gorringe filed a motion to dismiss, alleging due process violations for failing to preserve video evidence of the incident. The State objected to the motion and the magistrate court held a hearing where it heard arguments from both parties. Ultimately, the magistrate court denied the motion after finding that the video recordings had never been created. The magistrate court based this finding upon law enforcement's initial discovery checklist, which indicated there were no audio or video recordings available. As such, the magistrate court determined that Gorringe was unable to establish a *Brady*[2] violation and denied Gorringe's motion to dismiss.

Thereafter, Gorringe entered a conditional guilty plea to DUI, I.C. § 18-8004, in exchange for the dismissal of the concealed weapon charge. Gorringe appealed the denial of his motions to suppress and dismiss to the district court. On intermediate appeal, Gorringe argued that the magistrate court erred in finding the officer had reasonable suspicion for the traffic stop and in concluding the video recordings did not exist. Gorringe also asserted the magistrate court abused its discretion in denying his motion to dismiss because the magistrate court failed to apply the correct legal standard. The district court affirmed the denials of Gorringe's motions to suppress and dismiss, concluding the magistrate court's findings were supported by substantial and competent evidence and that Gorringe failed to show the magistrate court abused its discretion. Gorringe again appeals.

## II.
## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm

---

[2]     *See Brady*, 373 U.S. 83.

or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Gorringe's sole challenge on appeal pertains to the magistrate court's denial of his motion to dismiss.[3] Specifically, Gorringe argues the magistrate court erred in denying his motion to dismiss because its "inference that no dash cam video existed was unreasonable, considering the magistrate [court]'s finding that [the officer] was credible." Gorringe asks this Court to remand his case to the magistrate court "to determine whether the State destroyed the video evidence in bad faith." The State responds that the magistrate court's denial of the motion to dismiss is supported by substantial and competent evidence. We hold that Gorringe has failed to show the district court erred, on intermediate appeal, by affirming the magistrate court's order denying Gorringe's motion to dismiss.

A trial court's decision regarding a motion to dismiss a criminal action is reviewed for an abuse of discretion. *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Like a motion to suppress evidence, when a decision on a motion to dismiss is challenged, this Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found. *Sarbacher*, 168

---

[3] Because Gorringe does not challenge the magistrate court's denial of his motion to suppress, we will not presume error and the district court's decision affirming the magistrate court will not be disturbed on appeal. *See State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991) (holding that, in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error).

4

Idaho at 4, 478 P.3d at 303.  This Court will accept the trial court's findings of fact unless they are clearly erroneous.  *Id.*

The magistrate court found that the fundamental question with regard to Gorringe's alleged *Brady*[4] violation was "whether or not the actual evidence existed."  According to the magistrate court, it was "just as likely that" the video evidence Gorringe asserted was destroyed in bad faith did not exist.  The magistrate court based its determination on law enforcement's initial discovery checklist, which indicated there were no audio or video recordings available to process shortly after the date of the incident.  Because the magistrate court determined the video evidence did not exist, it concluded that Gorringe was unable to meet his "burden of establishing that it was destroyed" and denied the motion to dismiss.

The district court, on intermediate appeal, noted that the critical inquiry was whether the magistrate court's finding that the video recordings did not exist was clearly erroneous.  The district court "struggled with this issue."  The district court referenced the initial officer's "firm belief that his dashboard camera recorded" Gorringe driving on the date of the incident and "that he uploaded that recording to" law enforcement's digital database.  Likewise, the district court referenced the other officer's testimony that he "checked the box on the discovery checklist (upon which the [magistrate] court so heavily relied) indicating that he had bodycam recording of his contact with" Gorringe.  Because both officers believed that they had uploaded separate video recordings of the incident, the district court "strongly suspect[ed] that these recordings were initially created and then were lost due to an upload failure of unknown etiology."

However, the district court indicated it was "mindful of the limited role of an appellate court."  The district court highlighted the "great weight" the magistrate court placed "on the fact that as early as December 28, 2020, the recordings were not available."  From that, the magistrate court "inferred that the recordings never existed."  Although the district court indicated that it would have placed less weight on this fact and drawn "the different inference of an upload failure," the district court concluded it was "not permitted to substitute [its] view as to the weight of the evidence for that of the [magistrate] court."  Similarly, the district court determined it was "unable to conclude that the inference the [magistrate] court drew was unreasonable."  The district court

---

[4]     *See Brady*, 373 U.S. 83 (1963).

was therefore unable to conclude that the magistrate court abused its discretion when it denied the motion to dismiss.

On appeal to this Court, Gorringe contends the magistrate court's inference that the initial officer's dashboard camera video did not exist was not reasonable and that the district court erred in affirming the magistrate court's decision. In support of his argument, Gorringe cites the initial officer's testimony that his patrol vehicle's dashboard "camera should have captured and preserved video evidence of [Gorringe's] driving pattern" beginning thirty seconds prior to the activation of the officer's overhead lights. The officer also indicated that he "believed" his dashboard camera activated and recorded the incident but that he was ultimately unable to locate it. Gorringe also cites the magistrate court's finding that the officer's testimony was credible. Based on the officer's testimony and the magistrate court's conflicting credibility finding, Goringe argues the magistrate court's "inference that no dash cam video capturing [his] driving pattern existed was not reasonable." Gorringe's argument is unpersuasive and misconstrues the record.

While the magistrate court did find the officer's testimony credible, this determination was made during the hearing on Gorringe's motion to suppress, not the motion to dismiss. Specifically, the magistrate court found the officer's testimony of his version of events leading up to the traffic stop more credible when compared to Gorringe's version. Thus, the magistrate court found the officer's testimony regarding the validity of the traffic stop credible but did not extend that credibility to his statements about the dashboard camera recording at the motion to dismiss hearing. Even if the magistrate court's credibility finding did extend to the officer's testimony regarding the dashboard camera recordings, said finding would reinforce that the officer "believed" the recording existed--not that the recording actually existed. Additionally, the magistrate court's finding that the video recordings did not exist is also supported in the record. For example, despite being ultimately unsuccessful, both the State and the officer provided details regarding the multiple efforts they made to locate the recordings. Further, the magistrate court also relied on an initial discovery checklist which was filled out a few days after the incident and indicated there were no audio or video recordings available to process. Accordingly, the magistrate court did not abuse its discretion when it found that the officer's dashboard camera video did not exist.

Gorringe also argues that, if this Court were to agree and hold the magistrate court's finding that no video recording "existed was not reasonable, then the proper remedy would be to remand

6

this case to the magistrate [court] to determine whether the destruction and/or failure to produce the video in discovery was done in bad faith." However, as discussed above, the magistrate court did not err when it determined the video recording did not exist. Gorringe has failed to show the magistrate court abused its discretion when it denied his motion to dismiss and has failed to show the district court erred in affirming the magistrate court.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's denial of Gorringe's motion to dismiss. Gorringe has failed to show error in the district court's decision affirming the magistrate court's findings of fact and conclusions of law. Accordingly, the district court's decision, on intermediate appeal from the magistrate court, affirming Gorringe's judgment of conviction for DUI is affirmed.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.