**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 46751**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 19, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| BRIAN MATHEW GOLDEN, SR., | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction and concurrent, unified sentences of five years with two years determinate for two counts of possession of methamphetamine, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentences, affirmed; case remanded for rulings on Presentence Investigation Report.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

A jury convicted Brian Mathew Golden, Sr., of two counts of possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed concurrent, unified sentences of five years with two years determinate. Thereafter, the court denied Golden's motion for reduction of his sentences under Idaho Criminal Rule 35. Golden timely appeals his sentences and the court's denial of his Rule 35 motion. Golden argues that the sentences are excessive and that the court failed to redline inaccurate portions of the Presentence Investigation Report (PSI). We affirm the court's sentences and its denial of Golden's Rule 35 motion. We remand the case, however, for the court to ensure that any changes the court made to the PSI are reflected in the PSI subject to disclosure under I.C.R. 32(h).

1

# I.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# II.

## ANALYSIS

### A. Corrections to PSI

On appeal, Golden argues the district court abused its discretion because "it did not redline any section of the PSI contained in the record on appeal." The rules of evidence are not applicable to a PSI. *State v. Rodriguez*, 132 Idaho 261, 263, 971 P.3d 327, 329 (Ct. App. 1998). The court, in its discretion, may consider information which would otherwise be inadmissible at trial, such as hearsay, as long as the court believes the information is reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012); *see also* I.C.R. 32(e)(1) (noting court may consider reliable, inadmissible information in PSI). The court, however, must disregard information if there is no reasonable basis to deem it reliable, such as when the information is simply conjecture. *Carey*, 152 Idaho at 721, 274 P.3d at 22.

When considering a PSI, the district court has two distinct obligations. First, the court must reject consideration of inaccurate, unfounded, or unreliable information in the PSI. *See, e.g.*, *id.* at 722, 274 P.3d at 23 (noting unfounded, unreliable, or inaccurate information must be rejected); *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010) (noting court correctly declined to consider unreliable information). Second, the court must redline from the PSI information it is excluding as incorrect or unreliable. *See Molen*, 148 Idaho at 961, 231 P.3d at 1058 (ruling unreliable and incorrect information should be stricken from PSI). A court, however, is not required to strike or disregard information in the PSI simply because the defendant disputes the information. *Carey*, 152 Idaho at 722, 274 P.3d at 23 (noting no authority provides court must strike information from PSI because defendant disputes information).

2

This Court has ruled that, when the trial court concludes information in the PSI is incorrect or unreliable, the trial court should cross out or redline that information from the PSI and send a corrected copy of the PSI to the Idaho Department of Correction. *Molen*, 148 Idaho at 961-62, 231 P.3d at 1058-59 (ruling trial court should strike unreliable information); *see also* I.C.R. 32(h)(1) (making PSI available to Department so long as defendant is committed to or supervised by Department). The rationale for redlining such information from the PSI is both to provide a clear record for appellate review and to avoid any unreliable information from prejudicing the defendant in the future: "This procedure not only ensures a clear record for review but also protects the defendant against misuse of the unreliable information in the future." *Molen*, 148 Idaho at 961, 231 P.3d at 1058 (quoting *Rodriguez*, 132 Idaho at 262 n.1, 971 P.2d at 328 n.1).

The record in this case suggests the district court understood its obligation not to consider incorrect or unreliable information in the PSI and to redline that information from the PSI. At the sentencing hearing, the court stated:

Court: Is the defense aware of any addition or correction to the presentence investigation?
Counsel: Yes.
Court: All right. Just let me know which page so I can note the changes on the record.

In response to the district court's request, Golden's counsel identified numerous proffered additions or corrections to the PSI including that: (1) the restitution section indicated Golden was unemployed, but he was employed before incarceration;[1] (2) the section listing Golden's prior criminal record incorrectly included a charge and acquittal of attempted murder and also incorrectly listed his pending charges twice; (3) the comments about Golden's prior criminal record misstated Golden having only "one pending charge" instead of two; (4) Golden requested a clarification on how much alcohol he consumes; (5) the presentence investigator stated Golden felt "treatment was unnecessary" but Golden he did not recall saying that; and (6) Golden

---

[1] The employment section, however, listed a "current" employer for Golden and indicated it was "present" employment.

requested a clarification that certain statements he made to the presentence investigator were only "cheeky comments" meant as a joke.[2]

As Golden's counsel identified each proposed addition or correction, the district court responded "all right" to each and appeared to be (based on the sentencing hearing transcript) looking at a copy of the PSI. After Golden's counsel's comments about the PSI's contents, the prosecution acknowledged the attempted murder charge and acquittal related to a *different* Brian Golden. Despite this acknowledgement and that the court appeared to be looking at a copy of the PSI, the PSI in the appellate record does not reflect that the court made any changes to the PSI in response to Golden's proffered additions and corrections.

The State argues the district court was not required to redline the PSI because "Golden did not move the district court to strike anything from the PSI." According to the State, Golden had to move the court to strike the information in the PSI before claiming the court's failure to do so was an error. We disagree. Given that the court directly invited Golden to identify any needed additions or corrections and indicated it would "note the changes on the record," Golden did not need to make a formal motion to strike. We decline to impose an obligation on a defendant to make a formal motion to strike under such circumstances where the court specifically requests counsel to identify additions or corrections to the PSI for the record.

Because the PSI in the appellate record does not reflect the changes the district court suggested it was making in response to Golden's proffered additions and corrections, we cannot determine whether the court complied with the requirement in *Molen* to cross out or redline unreliable or erroneous information. We acknowledge now that PSIs are filed electronically before sentencing, the district courts may need to adopt a new procedure to ensure the PSI submitted as a documentary exhibit in the appellate record, as Idaho Appellate Rule 31(b) requires, is the version of the PSI containing the court's changes, additions, or redlining made at the time of sentencing rather than the PSI the presentence investigator originally submitted to the court. Unless and until the Idaho Supreme Court implements a rule governing such a procedure, we leave it to the district courts to determine the best way to ensure the corrected PSI is in the appellate record. Because a corrected PSI is not in the appellate record in this case, we remand to the district court to ensure that the court's additions or corrections are reflected on Golden's

---

[2]    The "cheeky" comments included Golden asking the presentence investigator for a hug and a kiss and if they could "spoon."

4

PSI and that the corrected PSI is the one distributed per I.C.R. 32(h). *See Molen*, 148 Idaho at 962, 231 P.3d at 1059 (directing court to cross out unreliable information on defendant's PSI and send corrected copy to Department of Correction).[3]

## B.    Excessive Sentence

Golden argues his concurrent sentences are excessive.[4] Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Golden argues his sentences are "not necessary to achieve the goals of sentencing" and he identifies several mitigating factors to illustrate why his sentences are excessive, including a difficult childhood, the support of his family, and the support of his employer. Having reviewed the record in this case, however, we cannot say the district court abused its discretion. Golden has an extensive criminal history, including four felony convictions and over twenty misdemeanor convictions. Golden has repeatedly been placed on probation instead of being

---

[3]    A defendant in a criminal case may also take steps to ensure the PSI submitted as an exhibit on appeal is the version reflecting any corrections or additions the district court made at the time of sentencing. *See* I.A.R. 28(b)(2)K. (listing the PSI as included in the standard clerk's record to be forwarded as confidential exhibit); I.A.R. 29(a) (providing settlement period for appellate record); I.A.R. 30(a) (authorizing augmentation of appellate record); I.A.R. 31(b) (providing PSI to be included in appellate record as documentary exhibit).

[4]    Golden does not argue the district court improperly considered unreliable or erroneous information in the PSI when imposing his sentences. For this reason, we review Golden's assertion that his sentences are excessive based on the appellate record as it exists.

5

incarcerated and yet he continues to reoffend. Although the court recognized the mitigating factors Golden identifies, it considered the sentencing goals and concluded Golden's multiple convictions required society's protection from him:

> In order to address the goals of sentencing, particularly protection of society, when a person has multiple felony convictions and a long string of misdemeanor convictions, society demands to be protected from somebody who keeps breaking the law. Rehabilitation is a modest goal in your case because you've had multiple times in the past to try and clean up your act and haven't been able to do so, and so I'm going to impose a sentence in this case. Considering your character and facts and circumstances of this offense, I will impose a sentence of five years consisting of two parts, two years fixed plus three years indeterminate.

While mitigating factors may have some relevancy to sentencing, the district court was not required to assess or to balance all of the sentencing goals in an equal manner. *See State v. Felder*, 150 Idaho 269, 276, 245 P.3d 1021, 1028 (2010) (noting equal balancing of goals not required). That the court did not elevate the mitigating factors Golden identified over the need to protect society does not establish an abuse of discretion. *See id*. (noting elevation of societal protection over mitigating factors not an abuse of discretion). Accordingly, we hold the court did not abuse its discretion in sentencing Golden.

**C.      Rule 35 Motion**

Golden asserts the district court abused its discretion when it denied his Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

In support of his Rule 35 motion, Golden submitted additional letters from his family members stating Golden has made positive changes during incarceration. The district court, however, acknowledged and considered Golden's family support when sentencing him. As a result, Golden did not present new information in support of his Rule 35 motion. Moreover, for

6

the same reasons discussed above to conclude that the court did not abuse its discretion in sentencing Golden, we conclude that the court did not abuse its discretion by denying his Rule 35 motion.

## III.

## CONCLUSION

We hold that the district court did not abuse its discretion by sentencing Golden or by denying his Rule 35 motion. The record on appeal, however, does not contain the court's rulings on the proffered additions or corrections to the PSI which Golden identified during the sentencing hearing. For this reason, we remand this case for the court to ensure any changes it made to the PSI are reflected on the PSI which is subject to disclosure under I.C.R. 32(h).

Judge GRATTON and Judge LORELLO **CONCUR**.