# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48783

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

PAUL AARON GREER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 15, 2022

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for felony domestic battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Paul Aaron Greer appeals from his judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for felony domestic battery. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Greer pled guilty to felony domestic battery. I.C. § 18-918(2). In exchange, the State agreed to dismiss two other charges--attempted strangulation and witness intimidation. During Greer's sentencing hearing, the district court provided Greer the opportunity to proffer "updates or corrections" to his presentence investigation report (PSI). Greer asserted, among other things, that the section of the PSI describing his criminal

1

history should be modified to reflect the dismissal of the attempted strangulation and witness intimidation charges. As written, the PSI indicated that Greer pled not guilty to those charges. The district court agreed that Greer's PSI should note the dismissal of the charges. After hearing the parties' sentencing recommendations, the district court sentenced Greer to a unified term of seven years, with a minimum period confinement of two years. Greer appeals.

## II.

## STANDARD OF REVIEW

The decision whether to strike information from a PSI is reviewed for an abuse of discretion. *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010). Sentencing decisions are also reviewed for an abuse of discretion. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Greer argues that the district court erred by failing to redline his PSI with his proposed correction to his criminal history. Greer also argues that his sentence is excessive. The State responds that Greer has failed to show that the district court was obligated to redline the PSI or that his sentence constitutes an abuse of discretion. We conclude that Greer has failed to show error in relation to his PSI or the sentence imposed.

### A.    Corrections to PSI

The rules of evidence do not apply to a PSI. I.R.E. 101(e)(1); *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020). Trial courts have the discretion to consider information in a PSI believed to be reliable that would otherwise be inadmissible at trial so long as the defendant receives an opportunity to present favorable evidence and explain or rebut the adverse information. *Molen*, 148 Idaho at 961, 231 P.3d at 1058. Two distinct obligations limit this discretion. Not only must a trial court reject inaccurate, unfounded or unreliable information

2

contained in a PSI, such information must also be "redlined" from the document. *Golden*, 167 Idaho at 511, 473 P.3d at 379. The trial court must then forward a copy of the redlined PSI to the Idaho Department of Correction. *Id.* A trial court need not, however, strike or disregard all information in a PSI that a defendant disputes. *State v. Carey*, 152 Idaho 720, 722, 274 P.3d 21, 23 (Ct. App. 2012). If disputed portions of the PSI are not facially unreliable, the defendant must supply a sufficient basis for the trial court to make an independent determination on the reliability of the disputed information. *Id.* at 722-23, 274 P.3d at 23-24.

After ensuring that both parties had received copies of the PSI and were prepared to proceed with sentencing, the district court offered Greer an opportunity to provide "updates or corrections to the PSI." The following exchange then occurred regarding the portion of Greer's PSI describing his criminal history.

| | |
|---|---|
| [Defense Counsel]: | On page eleven. |
| [Court]: | I'm there. |
| [Defense Counsel]: | Just that last entry, this case. It should reflect a dismissal of [count] one, the attempted strangulation, and a dismissal of [count] three the, I guess, witness intimidation pursuant to the [plea] agreement that was reached in this case. |
| [Court]: | Yes, those should be indicated as dismissals. Thank you. |
| [Defense Counsel]: | Those are the extent of the corrections we have to the PSI. |

The PSI in the appellate record does not reflect that the district court modified the document to incorporate Greer's proposed corrections. The absence of such modifications is unsurprising, however, as the file stamp on the version of Greer's PSI included in the record on appeal indicates that the document was filed *prior* to the sentencing hearing. Regardless, for the following reasons we decline to remand this case as Greer requests.

While we noted in *Golden* that the PSI in the appellate record did not reflect changes obviously ordered by the court, it is the burden of the defendant to ensure the sentencing court has appropriately documented the ordered changes. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). For purposes of appeal, it is insufficient to point to the PSI that was created prior to sentencing as evidence that the defendant's inaccurate, unfounded, or unreliable

information was not stricken from the PSI. Instead, the defendant must include the PSI that was distributed to the Department of Correction, along with any judicial order regarding those corrections, to provide an adequate record in support of his or her claim. Because a copy of the PSI actually distributed to the Department of Correction is absent from the record on appeal, Greer has failed to provide an adequate record to review his redlining arguments.

## B. Sentence Review

Greer argues that his sentence of a unified term of seven years, with a minimum period of confinement of two years, is excessive. Specifically, Greer contends that he should have received a lesser sentence, "in light of mitigating factors, including his traumatic brain injury and its impact on his behavior, prior substance abuse issues and current sobriety, and acceptance of responsibility, remorse and regret." The State responds that the district court referenced the mitigating factors Greer cites during his sentencing hearing and imposed a reasonable sentence "given the violent nature of [his] underlying conduct" and criminal history. We hold that Greer has failed to show that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.
## CONCLUSION

Greer has failed to show that the district court abused its discretion by failing to redline his PSI or by imposing an excessive sentence. Accordingly, Greer's judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for felony domestic battery are affirmed.

4

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.