# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49737

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 20, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MATTHEW MITCHELL SCHUG, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen years of age, <u>affirmed</u>; order denying motion to modify no-contact order, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Matthew Mitchell Schug appeals from his judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen years of age. He also appeals from an order of the district court denying his motion to amend a no-contact order. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Schug was charged with three counts of lewd conduct with a minor under the age of sixteen. I.C. § 18-1508. The victim was his daughter and the acts for which he was charged occurred when she was age thirteen. Schug admitted to kissing, genital manipulation, and performing oral sex on the victim. Pursuant to a plea agreement, Schug pled guilty to one count and the State dismissed

1

the remaining two counts. At sentencing, the district court noted that Schug knew his daughter was exceptionally vulnerable and yet he repeatedly engaged in sexual conduct with her. The district court further noted that Schug's acts were exceptionally predatory because he violated his position of trust and protection with his daughter. The district court stated that "it's staggering to picture how this child will ever trust in a relationship again," noting that Schug was the second adult man in a position of trust to violate the victim. At sentencing, the district court considered at-length and on the record the facts of this case, the victim impact statements, the presentence investigation report, the Static-99R, the psychological evaluation, I.C. § 19-2521, and the recommendations of the State and Schug. The district court then imposed a unified sentence of twenty years, with a minimum period of confinement of ten years.

At sentencing, without objection from Schug, the district court entered a no-contact order pursuant to I.C. § 18-920 and I.C.R 46.2, prohibiting Schug from having any contact with the victim and Schug's other two children, then ages eight and ten, for a period of twenty years. Approximately three months later, Schug filed a motion to modify the no-contact order requesting that he be permitted to have contact with the two younger children who were not victims in this case. Schug testified that he had not committed any criminal acts against those children and that a case under the Child Protective Act (CPA) had been commenced after Schug's sentencing involving his wife and all three children. Schug also referenced his belief that criminal charges had been filed against his wife and that her testimony at sentencing "grossly misrepresented [Schug's] character and the nature of our relationship." No evidence was presented regarding criminal charges against Schug's wife, the nature of the CPA case, or the nature of the alleged misrepresentations by Schug's wife. The district court denied the motion. Schug appeals both his sentence and the denial of his motion to modify the no-contact order.

## II.

## ANALYSIS

### A.    Sentence Review

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse

of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Schug argues that the district court erred in imposing a sentence of commitment for twenty years, with a minimum period of confinement of ten years. He asserts that the sentence is excessive in light of mitigating factors present in his case. However, the district court did recognize numerous mitigating factors and cited those factors specifically as one of the reasons for deviating from the State's recommended sentence of forty years, with a minimum period of confinement of twenty-five years. That the district court did not give mitigating factors the weight Schug desires does not establish an abuse of discretion. *See State v. Golden*, 167 Idaho 509, 473 P.3d 377 (Ct. App. 2020). The record demonstrates the district court identified the correct legal standards, recognized the decision was discretionary, acted within the bounds of that discretion, and exercised reason in imposing Schug's sentence. Accordingly, we cannot say that the district court abused its discretion.

## B.     No-Contact Order

The decision whether to modify a no contact order is within the sound discretion of the district court. *State v. Cobler*, 148 Idaho 769, 772, 229 P.3d 374, 377 (2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Schug argues that the no-contact order should be modified to allow him to have contact with his two children who were not victims in this case because he has not committed any criminal acts against them. However, the Idaho Supreme Court has held that no-contact orders "must be made to protect the current or future victims of these types of crimes." *State v. Lodge*, 166 Idaho 537, 540, 461 P.3d 819, 822 (2020). Furthermore, the grant of discretion to the district court regarding the issuance of a no-contact order in a criminal case is broad. *Id.* In sentencing Schug, the district court recognized the risk that Schug might reoffend. While Schug's psychosexual evaluation indicated a below-average risk to reoffend, the district court noted "very concerning areas." Ultimately, the district court referred to Schug's risk to reoffend as one of the reasons for imposing a sentence of imprisonment. In these circumstances, the district court acted within the boundaries of its broad discretion in ordering Schug to have no contact with his children--even those who were not victims in this case.

The remaining claims of error have to do with Schug's testimony that his wife had been charged with a crime involving child abuse, that a CPA case had been initiated involving his wife and children and that his wife had made misrepresentations about his character and their relationship. No additional evidence was presented regarding the nature of the criminal charges or the CPA case, the nature of the misrepresentations or how any of those allegations, if true, would have had any effect on the no-contact order. The district court ruled: "If there is supportive materials, if there's something within the CP case plan, if there is something from a treatment provider that indicates it's appropriate to contact, I would certainly retain jurisdiction on that issue and consider that request; otherwise denied at this time." Thus, the district court, in exercising discretion, recognized that there might be circumstances which would allow the order to be modified but that no evidence had been presented to support Schug having contact with the children. Schug has failed to show an abuse of discretion in the district court's denial of his motion.

4

### III.

### CONCLUSION

Schug's judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years is affirmed. The order of the district court denying Schug's motion to modify his no-contact order is affirmed.

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.