**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48987**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 20, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ALISTER JOEL HARRISON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for aggravated battery enhanced for use of a deadly weapon, <u>affirmed</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Alister Joel Harrison appeals from his judgment of conviction for aggravated battery, enhanced by the use of a deadly weapon. Harrison argues the district court abused its discretion when it did not redline a paragraph in the presentence investigation report (PSI) and by imposing an excessive sentence. The district court agreed to strike certain information from the PSI, but the redlined version is not included in the record on appeal. As such, a limited remand is required so the district court can confirm a redlined copy of the PSI was provided to the Idaho Department of Correction (IDOC). The district court did not impose an excessive sentence. Thus, the judgment of conviction and sentence are affirmed and we remand this case for further proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Harrison was found guilty of aggravated battery with an enhancement for use of a deadly weapon during the commission of the crime, Idaho Code §§ 18-903(a), -907(1)(b); I.C. § 19-2520. At the sentencing hearing, the district court asked the parties if there were any corrections to the PSI. Harrison told the court there was a paragraph in the PSI that detailed a parole violation allegation but the allegation had been subsequently dismissed and that "what the PSI investigator is detailing in that is all incorrect, so we would like that to be struck from the PSI since the parole violation was actually dismissed." The district court granted Harrison's motion and stated, "I'm going to strike that entire paragraph from the presentence report, so that's the second to the last full paragraph of page 13," noting the dismissed parole violation "was based on the allegation set forth in this paragraph, not based on the instant offense." The district court imposed a unified sentence of seven years, with two years determinate, to run consecutively to another unrelated sentence. Harrison appeals.

# II.

## STANDARD OF REVIEW

A district court's decision on a motion to strike or delete portions of a PSI and a district court's sentencing decision are reviewed on appeal for an abuse of discretion. *State v. Ogden*, 171 Idaho 258, 264, 519 P.3d 1198, 1214 (2022). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# III.

## ANALYSIS

Harrison asserts that the PSI in the record on appeal contains the paragraph that was to be deleted and, thus, the district court erred in failing to redline the PSI and delete the incorrect information or erred in failing to include the redlined version in the appellate record. The State agrees that the record on appeal does not contain a redlined copy of the PSI. The State further agrees that pursuant to *State v. Greer*, 171 Idaho 555, 562, 524 P.3d 386, 393 (2023), the

appropriate remedy is a limited remand for the district court to comply with the standards set forth in *Greer*.

In *Greer*, the Idaho Supreme Court concluded that the district court "abused its discretion when it apparently failed to redline Greer's corrections to the PSI that it had previously agreed were inaccurate." *Id*. Citing *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020), the Court reiterated that "the obligations of the district court are two-fold: First, it 'must reject consideration of inaccurate, unfounded, or unreliable information in the PSI,' and second, it must redline that information." *Greer*, 171 Idaho at 562, 524 P.3d at 393. The Idaho Supreme Court concluded that when there is no evidence of a corrected PSI in the record, "a limited remand is the appropriate remedy." *Id*. at 563, 524 P.3d at 394. Upon remand, the district court can confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to the IDOC. *Id*.

We agree with the parties that this case is controlled by the holding of *Greer* and, thus, the proper remedy in this case is a limited remand to the district court to ensure: (1) the second to the last full paragraph on page 13 of the PSI is struck; (2) a copy of the redlined PSI is made part of the district court's record below; and (3) the redlined PSI is transmitted to the IDOC in accordance with Idaho Criminal Rule 32.

Harrison also argues the district court imposed an excessive sentence in light of the circumstances. The State argues the district court did not err. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Harrison's judgment of conviction and sentence are affirmed.

## IV.
## CONCLUSION

The district court erred in failing to ensure a corrected copy of the PSI was made part of the record below and provided to IDOC. The district court did not err in imposing Harrison's sentence. The judgment of conviction and sentence are affirmed, and the case is remanded to the district court for proceedings consistent with this opinion.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.