**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50172**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 27, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS ODALE TORREY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Judgment of conviction for battery with intent to commit a serious felony and domestic battery with traumatic injury, <u>affirmed</u>; and <u>case remanded for further proceedings</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Nicholas Odale Torrey appeals from his judgment of conviction and sentences for felony battery with intent to commit a serious felony and domestic battery with traumatic injury. Torrey argues the district court abused its discretion by failing to redline portions of his presentence investigation report (PSI), or failing to include a redlined version in the appellate record, and by imposing an excessive sentence. Because the record does not include a redlined copy of the PSI despite the district court's indication that it made changes to the PSI, a limited remand is necessary. The district court did not impose an excessive sentence. Thus, we affirm Torrey's judgment of conviction and sentences and remand this case for further proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Torrey with rape, Idaho Code § 18-6101(5); battery-domestic violence with traumatic injury, I.C. § 18-918(2); and malicious injury to property, I.C. § 18-7001(2). Pursuant to a plea agreement, Torrey entered an *Alford*[1] plea to an amended charge of battery with intent to commit a serious felony, I.C. §§ 18-903, -911, -912, and pleaded guilty to battery-domestic violence with traumatic injury, I.C. §§ 18-918(2), -918. In exchange, the State dismissed the malicious injury to property charge and agreed not to file additional charges of witness intimidation or violation of a no-contact order stemming from Torrey's contacts with the victim.

At sentencing, the district court asked Torrey if anything needed to be "corrected or clarified" in the PSI or the psychosexual evaluation. In response, Torrey offered several comments regarding the contents of the PSI. First, under the "Attitudes/Orientation" section on page seven, Torrey indicated the PSI inaccurately reported that Torrey denied hitting the victim and that "he had a glib affect and didn't express empathy" for the victim.[2] The district court responded: "Hold on. Let me catch up" and "All right. Now I'm ready." Next, Torrey explained that under the "Alcohol/Drug Problems" section on page eight, the PSI incorrectly reported that Torrey started drinking alcohol at age twelve; however, he started drinking at age eighteen. The district court responded: "Okay."

Torrey then indicated the PSI inaccurately reported that Torrey quit his job as a laborer in Orem because it was too cold, and he explained that he was laid off because it was snowing and "the work just dried up." Finally, Torrey explained the PSI did not reflect that he worked at Roark's in Louisiana from 2014 to 2015 and Boswell Remodeling Company in Houston, Texas,

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Although Torrey's comments regarding the presentence investigator's assessment of his attitude were offered in response to the district court's request for corrections or clarifications, Torrey's disagreement with the presentence investigator's assessment is neither. Even if the district court noted Torrey's disagreement on this point on the PSI, such a change would not entitle Torrey to relief on appeal. *See State v. Greer*, 171 Idaho 555, 562, 524 P.3d 386, 393 (2022) (finding redlining requirement for an actual *inaccuracy* in PSI); *State v. Ogden*, 171 Idaho 258, 275, 519 P.3d 1198, 1215 (2022) (concluding no abuse of discretion for failing to redline information related to prior conduct for which defendant was acquitted given requirements of Rule 32 in relation to contents of PSI); *State v. Lancaster*, 171 Idaho 236, 245-46, 519 P.3d 1176, 1185-86 (holding that, with respect to changes in PSI, district court's obligation only relates to corrections to information that is inaccurate, unfounded, or unreliable).

in 2015; he requested that information be added to the PSI. After Torrey indicated there were no further corrections, the district court stated: "Okay. Thank you. Having said that, then, I will note those corrections in the record." The district court imposed unified sentences of ten years, with two years determinate, for each count to run concurrently. Torrey filed a timely notice of appeal.

## II.

## STANDARD OF REVIEW

A district court's decision on a motion to strike or delete portions of a PSI and a district court's sentencing decision are reviewed on appeal for an abuse of discretion. *State v. Ogden*, 171 Idaho 258, 266, 274, 519 P.3d 1198, 1206, 1214 (2022). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Torrey argues the district court erred by failing to ensure a corrected PSI was included as part of the record and transmitted to Idaho Department of Correction (IDOC) after the district court accepted Torrey's corrections at the sentencing hearing. The State agrees that a limited remand is necessary to ensure that any notations made by the district court are reflected in the appellate record. The district court indicated it would make corrections to the PSI, however, none of the corrections appear on the PSI included in the appellate record. Thus, a limited remand is necessary to ensure a corrected PSI is included in the record and provided to IDOC.

The district court has a dual obligation when addressing challenges to information in a PSI: "First, 'to reject consideration of inaccurate, unfounded, or unreliable information in the PSI,'" and second, to "redline from the PSI information it is excluding as incorrect or unreliable." *State v. Greer*, 171 Idaho 555, 559, 524 P.3d 386, 390 (2023) (quoting *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020)). An abuse of discretion occurs when a district court fails to redline a PSI that it agreed was inaccurate. *State v. Ogden*, 171 Idaho 843, 862, 526 P.3d 1013, 1032 (2023); *see Greer*, 171 Idaho at 562, 524 P.3d at 393. Further, when the PSI entered into the appellate record does not include the corrections the district court agreed to make, this Court cannot

3

determine if those changes occurred. *Ogden*, 171 Idaho at 862, 526 P.3d at 1032. Thus, a limited remand is necessary to ensure any corrections are noted in a way that memorializes those corrections for purposes of the record. *Id.* Upon remand, the district court can confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to IDOC. *Ogden*, 171 Idaho at 862, 526 P.3d at 1032; *see Greer*, 171 Idaho at 560, 524 P.3d at 391.

In this case, Torrey requested that the district court make several changes to his PSI during sentencing. In response, the district court acknowledged and agreed it would make the changes Torrey requested. However, the PSI in the appellate record does not reflect the changes the district court agreed to make. Therefore, pursuant to *Ogden* and *Greer*, a limited remand is necessary for the district court to ensure: (1) the appropriate sections of Torrey's PSI are redlined; (2) a copy of the redlined PSI is made part of the district court's record below; and (3) the redlined PSI is transmitted to IDOC in accordance with Idaho Criminal Rule 32.

Torrey also argues his concurrent sentences of ten years, with two years determinate, are excessive. Specifically, Torrey contends that he should have received a lesser sentence "in light of mitigating factors, including his difficult childhood, his mental health issues, his substance abuse issues, his positive employment history, and his expression of remorse." The State responds that the district court referenced the mitigating factors Torrey cites during his sentencing hearing and imposed a reasonable sentence "in light of Torrey's pattern of escalating violence leading up to his crime," refusal to follow the court's no-contact order during the pendency of this case, and high-risk of reoffending based on his LSI score, psychosexual evaluation, and domestic violence evaluation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150,

154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

The district court erred in failing to ensure a corrected copy of the PSI was made part of the record for purposes of appeal. The district court did not abuse its discretion in imposing Torrey's sentences. Accordingly, Torrey's judgment of conviction and sentences are affirmed, and the case is remanded to the district court for proceedings consistent with this opinion.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.