**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50003**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>**JENNY LEE SCOWN,**<br><br>       **Defendant-Appellant.** | **Filed: April 26, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Roger S. Burdick, District Judge, Hon. Michael J. Reardon, District Judge.

Judgment of conviction and sentence for felony driving under the influence, <u>affirmed in part</u>, <u>vacated in part</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>; <u>case remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jenny Lee Scown appeals from her judgment of conviction and sentence for felony driving under the influence of drugs (one felony conviction within fifteen years). Scown argues the district court abused its discretion by: (1) failing to redline portions of her presentence investigation report (PSI) or failing to include a redlined version in the appellate record; (2) imposing a five-year license suspension because the court erroneously believed a five-year driver's license suspension was mandatory; (3) imposing an excessive sentence; and (4) denying her Idaho Criminal Rule 35 motion. Because the record does not include a redlined copy of the PSI despite the district court's indication that it made changes to the PSI, a limited remand is necessary. The district court did not impose an excessive sentence and did not err in denying Scown's I.C.R. 35 motion. The district

1

erred when it concluded a five-year driver's license suspension was mandatory. Thus, we affirm Scown's judgment of conviction and the order denying her I.C.R. 35 motion, vacate her driver's license suspension, and remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Scown with felony driving under the influence of drugs (one felony conviction within fifteen years), Idaho Code §§ 18-8004, -8005(9). Scown entered a guilty plea to the charge. At sentencing, the district court asked Scown, "Are there any changes to [the PSI] that you would like to make or have the Court be made aware of?" Scown's counsel indicated there was, pointing to language in the "leisure and recreation" section that stated Scown is "often involved in criminal activities." Scown's counsel objected to the language, arguing it was "rather inflammatory." The State had no objection to the correction. The district court stated, "Very well. The Court in this case will indicate that the word[s] 'involved in criminal activities in spare time' will be stricken from this presentence report." The district court imposed a unified sentence of ten years, with two years determinate, and suspended Scown's driving privileges for five years. Scown filed an I.C.R. 35 motion for reconsideration of sentence which the district court denied. Scown filed a timely notice of appeal.

## II.

## STANDARD OF REVIEW

A district court's decision on a motion to strike or delete portions of a PSI and a district court's sentencing decision are reviewed on appeal for an abuse of discretion. *State v. Ogden*, 171 Idaho 258, 266, 274, 519 P.3d 1198, 1206, 1214 (2022). A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Scown argues the district court erred by failing to ensure a corrected PSI was included as part of the appellate record and transmitted to the Idaho Department of Correction (IDOC) after the district court accepted Scown's correction at the sentencing hearing. The State agrees that a limited remand is necessary to ensure that the notation made by the district court is reflected in the appellate record. The district court indicated it would make a correction to the PSI; however, the correction did not appear on the PSI included in the appellate record. Thus, a limited remand is necessary to ensure a corrected PSI is included in the record and provided to IDOC.

The district court has a dual obligation when addressing challenges to information in a PSI: "first, 'to reject consideration of inaccurate, unfounded, or unreliable information in the PSI,'" and second, to "redline from the PSI information it is excluding as incorrect or unreliable." *State v. Greer*, 171 Idaho 555, 559, 524 P.3d 386, 390 (2023) (quoting *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020)). An abuse of discretion occurs when a district court fails to redline a PSI that it agreed was inaccurate. *State v. Ogden*, 171 Idaho 843, 862, 526 P.3d 1013, 1032 (2023); *see Greer*, 171 Idaho at 562, 524 P.3d at 393. Further, when the PSI entered into the appellate record does not include the corrections the district court agreed to make, this Court cannot determine if those changes occurred. *Ogden*, 171 Idaho at 862, 526 P.3d at 1032. Thus, a limited remand is necessary to ensure any corrections are noted in a way that memorializes those corrections for purposes of the record. *Id.* Upon remand, the district court can confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to IDOC. *Id.*; *see Greer*, 171 Idaho at 560, 524 P.3d at 391.

In this case, Scown requested the district court make a change to her PSI during sentencing. The district court acknowledged and agreed to make the change Scown requested. However, the PSI in the appellate record does not reflect the change the district court agreed to make, and the record does not indicate any other form of correction, such as an order or cover sheet that would be attached to the PSI indicating the corrections. Therefore, pursuant to *Ogden* and *Greer*, a limited remand is necessary for the district court to ensure: (1) the appropriate section of Scown's PSI is redlined; (2) a copy of the redlined PSI is made part of the district court's record below; and (3) the redlined PSI is transmitted to IDOC in accordance with I.C.R. 32.

Next, Scown argues a remand is necessary because the district court erroneously believed a five-year driver's license suspension was mandatory for her felony DUI conviction. I.C. §§ 18-8004, -8005(9). The State agrees a limited remand is appropriate to ensure Scown's license suspension is ordered with consideration of the appropriate options provided in I.C. § 18-8005(6)(d).

Idaho Code § 18-8005(6)(d) is a mandatory driving privileges suspension for any person guilty of felony DUI, and states the person:

> Shall have his driving privileges suspended by the court for a mandatory minimum period of one (1) year after release from imprisonment, during which time he shall have absolutely no driving privileges of any kind, and may have his driving privileges suspended by the court for an additional period not to exceed four (4) years, during which the defendant may request restricted driving privileges that the court may allow if the defendant shows by a preponderance of the evidence that driving privileges are necessary for his employment or for family health needs.

After the district court sentenced Scown to a period of imprisonment, the district court suspended Scown's driving privileges stating, "There is a mandatory driver's license suspension of five years in this matter. The Court will impose the same." Idaho Code § 18-8005(6)(d) requires a one-year driver's license suspension, with the possibility of an additional four years added as discretionary time. As a result, the district court's statement that a five-year license suspension was mandatory indicates that the district court did not correctly understand the scope of its discretion. Therefore, we vacate the district court's order regarding the driver's license suspension and remand the case to the district court to apply the appropriate considerations regarding the length and scope of Scown's driver's license suspension.

Next, Scown argues the district court abused its discretion in imposing her prison sentence for three reasons. First, Scown contends the district court sentenced her for a crime different than the crime for which she was convicted. In this case, Scown pleaded guilty to felony DUI, but at sentencing, the district court stated it was sentencing Scown for an "aggravated DUI." Scown argues the district court sentenced her as if she had committed an aggravated DUI, which is a more serious crime that requires "causing great bodily harm, permanent disability or permanent disfigurement to any person other than himself" in the commission of a DUI. I.C. § 18-8006(1).

At sentencing, the district court stated that Scown was "driving on the rim of a tire that had been flat and was no longer on the car. You didn't even know that it was off. You indicated to witnesses that the car was fine. You were going the wrong way on Main Street in Meridian."

4

Nothing in the district court's statements indicates that the court believed Scown had injured anyone, which is an element of aggravated DUI. In context, the district court was referring to the seriousness of Scown's conduct, not a specific offense and this is reflected in Scown's judgment of conviction. Thus, while the district court said it was sentencing Scown for an "aggravated DUI," a review of the record shows that the district court correctly understood for which crime it sentenced Scown and imposed a sentence within the statutory limits of that offense.

Second, Scown contends the district court relied on clearly erroneous findings when sentencing her. To support her argument, Scown points to the district court's statements that her DUI was a result of "overmedication or abuse of medications," and imposed the sentence to "allow you time to not only understand the seriousness of your addiction, but in addition, participation in any programs that are available in that regard." Scown's position is that the district court sentenced Scown as if she was an addict, who abused prescription medications and needed treatment to address her addiction, which were facts not supported by the record.

A forensic toxicology report revealed that Scown had four medications in her system at the time of the DUI, which rendered her incapable of safely operating a motor vehicle. The validity of Scown's prescriptions does not mean she was not overmedicated or abusing her prescriptions. For example, when Scown entered her guilty plea, she told the district court that it was her "prescription Xanax along with my other prescriptions. It's just, like, 12 other prescription meds I take." Scown also agreed that the combination of medications rendered her under the influence of drugs at the time she was driving. However, at the time of the offense, Scown was interviewed by a drug recognition expert, and Scown could not remember all the medications she had taken or the dosages of the medications. Based on Scown's statements, the district court could reasonably infer that Scown was not following relevant warnings or instructions when using her medications. Thus, the district court's use of the word "overmedicated," while perhaps imprecise, did not so mischaracterize Scown's level of impairment or misuse of her prescriptions that it constitutes error.

Further, Scown has a documented history of alcohol addiction, and that history is relevant to the district court's determination that Scown presented a danger to the public, whether she was driving under the influence of alcohol, drugs, or some other intoxicating substance. This offense occurred while Scown was on probation for felony DUI so Scown understood she should not drive while under the influence of *any* intoxicating substance, whether validly prescribed or not. Scown's history of driving under the influence of an intoxicating substance (alcohol) could

5

reasonably be considered by the district court in assessing Scown's dangerousness to society. The district court's reference to Scown's addiction and her need for treatment were not an abuse of discretion.

Finally, Scown argues her unified sentence of ten years, with two years determinate, is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Scown's I.C.R. 35 motion. Scown argues the district court erred by evaluating her I.C.R. 35 motion as only a motion for reduction of sentence and incorporates by reference her previous sentencing arguments to demonstrate why her sentence should be reassessed. In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Scown's I.C.R. 35 motion was presented, the district court did not abuse its discretion in denying Scown's request for Rule 35 relief.

**IV.**

**CONCLUSION**

The district court erred in failing to ensure a corrected copy of the PSI was made part of the record for purposes of appeal. The district court abused its discretion by believing a five-year driver's license suspension was mandatory. The district court did not abuse its discretion in imposing Scown's sentence or denying Scown's I.C.R. 35 motion. Therefore, Scown's judgment

6

of conviction and prison sentence are affirmed; her driver's license suspension is vacated, the order denying her I.C.R. 35 motion is affirmed; and the case is remanded to the district court for proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.